**Charlene WEBSTER, Plaintiff,**

v.

**John POTTER, etc. et al., Defendants.**

**No. 04 C 3242.**

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 30, 2005.

As Supplemented Sept. 6, 2005.

---

Charlene Webster, Chicago, IL, pro se.

Samuel D. Brooks, United States Attorney's Office, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

When Postmaster General John Potter filed a Fed.R.Civ.P. ("Rule") 56 motion for summary judgment in the sex discrimination action brought by Postal Service employee Charlene Webster ("Webster"),[1] this Court followed its invariable practice of providing Webster, as a pro se plaintiff, with the attached explanation of Rule 56 and this District Court's LR 56.1, adopted to facilitate the handling of summary judgment motions.[2]

Despite the clarity of this Court's letter and LR 56.1(b)(3), what Webster tendered on the last day of the month—long period that this Court had allowed for her response is a packet of miscellaneous papers that neither responds to the United States' LR 56.1(a)(3) statement nor sets out her own statement of material facts as required by LR 56.1(b)(3). Just to look at that undifferentiated and motley set of documents serves as a graphic illustration of why this District Court adopted LR 56.1 as a vehicle to smoke out the existence or nonexistence of factual issues that would contraindicate the granting of summary judgment and, just as importantly, why our Court of Appeals has consistently met noncompliance with the LR's requirements with strict enforcement of its terms.

In that respect LR 56.1's enforcement provision states that "[a]ll material facts set forth in the statement required of the moving party will be deemed admitted unless controverted by the statement of the opposing party." And our Court of Appeals has "consistently held that failure to respond by the nonmovant as mandated by the local rules results in an admission" (*Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir.2003)). Hence this opinion proceeds on the basis of the facts adduced by the United States, which are not only an eminently fair presentation but are also not effectively controverted by Webster's submissions.

### Facts

As already indicated, as prescribed by LR 56.1(a)(3) the United States has submitted its comprehensive statement of material facts, properly crediting Webster's earlier factual submissions for purposes of the present motion. Because those facts are accurately summarized in the United States' supporting memorandum, this opinion attaches and incorporates the "Factual Background" section of that memorandum as the factual matrix for decision of the issues.

### Summary Judgment Principles

■ Every Rule 56 movant bears the burden of establishing the absence of any genuine issue of material fact (*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). For that purpose courts consider the evidentiary record in the light most favorable to nonmovants and draw all reasonable inferences in their favor (*Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467, 471 (7th Cir.2002)). But to avoid summary judgment a nonmovant must produce "more than a scintilla of evidence to support his position" that a genuine issue of material fact exists (*Pugh v. City of Attica*, 259 F.3d 619, 625 (7th Cir.2001)) and "must set forth specific facts that demonstrate a genuine issue of triable fact" (*id.*). Ultimately, summary judgment is warranted only if a reasonable jury could not return a verdict for the nonmovant (*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Those standards have been employed in the discussion that follows.

### Application of the Summary Judgment Principles

■ Familiar caselaw teaches that the plaintiff in a Title VII case may establish the

---

1. Although every Title VII action by a federal employee must name the head of the employing agency as the sole defendant (42 U.S.C. § 2000e–16(c)), Postmaster General Potter played no personal part in the allegedly discriminatory actions relied on by Webster as the basis for her claim. Accordingly this opinion will more realistically (although not accurately in purely technical terms) refer to the United States as defendant here.

2. That June 14, 2005 letter notification enclosed copies of Rule 56 and LR 56.1. To its credit, the United States also served Webster with a more abbreviated notification (except for attaching copies of the Rule and LR).

requisite genuine issue or issues of material fact either through direct evidence of discrimination or via the burden-shifting approach of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Here Webster has adduced no direct evidence, so she must follow the *McDonnell Douglas* path that begins with establishment of the oft-repeated four-factor prima facie case as set out in *Gusewelle v. City of Wood River*, 374 F.3d 569, 574 (7th Cir.2004)(adapted to a female plaintiff):

> To do this, a plaintiff must show: (1)[s]he is a member of a protected class; (2)[s]he was qualified for the position; (3)[s]he suffered an adverse employment action; and (4) a similarly situated employee not of the protected class was treated more favorably.

By definition any woman employee meets the first of those conditions. And on Webster's version of events, which must be credited for Rule 56 purposes, it cannot be said that she does not satisfy the second condition as a matter of law. Where Webster's claim succumbs instead are on both the third and the fourth elements of the prima facie case.

■ As for the existence of an "adverse employment action," that concept has been extended in this circuit beyond such obvious examples as a firing or a reduction in benefits or pay. But even so some really meaningful detriment must be involved—*Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir. 1996) exemplifies the sensible judicial approach to the issue, following this articulation of the principle with several other examples that, as in *Smart*, were found *not* to meet the standard:

> While adverse employment actions extend beyond readily quantifiable losses, not everything that makes an employee unhappy is an actionable adverse action. Otherwise, minor and even trivial employment actions that "an irritable, chip-on-the-shoulder employee did not like would form the basis of a discrimination suit."

■ None of the minor—essentially trivial—sex-oriented complaints voiced by Webster, either singly or in the aggregate, meet the test. Instead the only four instances of purported sex discrimination that she has adduced occurred when (1) she was denied assistance with her route, (2) she was not allowed to go home for lunch, (3) a male was once permitted to leave work early but marked as working overtime and (4) she was once disciplined for running out of gas. Such cases as *Griffin v. Potter*, 356 F.3d 824, 829–30 (7th Cir.2004) (involving a strikingly parallel series of complaints brought under the age discrimination rubric, which follows the same principles) and *Rhodes v. Ill. Dep't of Transp.*, 359 F.3d 498, 505 (7th Cir.2004) (involving the sex discrimination area) spell doom for Webster's claim of having suffered "adverse employment action."

■ As if that alone were not enough to call for dismissal of this action (and it is), Webster has also not raised a material factual issue as to similarly situated male employees having been treated more favorably. In that respect she "must demonstrate that there is someone who is directly comparable to [her] in all material respects" (*Grayson v. O'Neill*, 308 F.3d 808, 819 (7th Cir.2002)). *Radue v. Kimberly–Clark Corp.*, 219 F.3d 612, 617–18 (7th Cir.2000) (citations omitted) spells out the operative ground rules:

> In determining whether two employees are similarly situated a court must look at all relevant factors, the number of which depends on the context of the case. For example, in disciplinary cases—in which a plaintiff claims that he was disciplined by his employer more harshly than a similarly situated employee based on some prohibited reason—a plaintiff must show that he is similarly situated with respect to performance, qualifications, and conduct. This normally entails a showing that the two employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them.

Again Webster's claims fall short, either because both some male *and* some female mail carriers were treated more favorably (thus undercutting any notion of *sex*-based discrimination) or that there has been no showing that "similarly situated" mail carriers were treated differently. Moreover, there has also

been no showing of an identity of supervisors or as to the reasons for the actions complained of.

 Two final comments are in order. Here they are:

1. Webster's grab bag of complaints, other than the few mentioned above, reflect personality conflicts and obvious animosities between her and her managers (indeed, she really admits as much). Those issues simply do not qualify as sex discrimination.

2. As the attached "Factual Background" has reflected, much of what Webster asserts falls in the category of hearsay. That type of assertion, because it would be inadmissible in evidentiary terms at trial, is not cognizable for summary judgment purposes either—see Rule 56(e) and, e.g., *Russell v. Acme–Evans Co.*, 51 F.3d 64, 68 (7th Cir.1995).

### Conclusion

For the several reasons stated in this memorandum opinion and order, Webster's assertions—taken at their best—do not pose any genuine issue of material fact that would stave off summary judgment. Accordingly the United States' Rule 56 motion is granted, and this action is dismissed with prejudice.

### SUPPLEMENT TO MEMORANDUM OPINION AND ORDER

Just after this Court had issued its August 30 memorandum opinion and order ("Opinion") granting summary judgment against Postal Service employee Charlene Webster ("Webster"), it received the packet of slip opinions from our Court of Appeals issued during the week that began August 22 and ended August 26. Because that group of opinions included one that strongly reinforced what the Opinion had said about Webster's failure to conform to this District Court's LR 56.1 and about the effect of such nonconformity, this supplement is issued to refer to that additional (and extraordinarily timely) reinforcement of this Court's ruling. To that end the parties are referred to the opinion in

*FTC v. Bay Area Bus. Council, Inc.*, 423 F.3d 627, 633–34 (7th Cir.2005).